UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY CONDON,

    Plaintiff,

vs.                                  CASE NO.: _____

GLOBAL CREDIT & COLLECTION
CORPORATION,

    Defendant.
_____/

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.    BACKGROUND**

Plaintiff, Timothy Condon, an attorney licensed to practice law in the State of Florida since 1976 (Exhibit 1) has sued Global Credit and Collection Corporation ("Global") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq. (Comp., Part III) and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.72, et. seq. (Comp., Part IV). Mr. Condon's claims arise out of a telephone message Global left on November 10, 2009 asking the Plaintiff to return their call concerning a matter involving one of Mr. Condon's clients. (Compl. ¶ 8).

This suit marks Mr. Condon's second attempt to seek both statutory and actual damages against Global Credit and Collection Corporation. His first lawsuit now pending in the County Court in and for Hillsborough County, Florida likewise complained about a telephone message regarding a debt owed by Plaintiff's client (Case No. 09-32329-SC-M) (Exhibit 2).

1

As explained below, Mr. Condon lacks standing to raise consumer protection claims against the Defendant and for this reason, summary judgment should be entered in favor of Global and against the Plaintiff.

## II.   STATEMENT OF UNDISPUTED FACTS

Plaintiff Timothy Condon was admitted to practice law by the Supreme Court of Florida in 1976 (Exhibit 1). Defendant, Global Credit and Collection Corporation, was retained by Capital One Bank to pursue collection against Mr. Condon's client R.T.[1] relating to a delinquent credit card debt. (Global Affidavit at ¶ 5). Global sent its initial disclosure letter to Mr. Condon's client in compliance with the Fair Debt Collection Practices Act on September 21, 2009 (Global Affidavit at ¶ 6). Later, Global left a message for Mr. Condon to call. He returned the call on September 29, 2009, the same day that the message was left, stated that he represented his client and that he would fax Global a Power of Attorney verifying his representation. He further asked Global's representative for the balance on the account, assured Global that he would check with his client regarding the matter and stated he would call back thereafter. (Global Affidavit at ¶¶ 7,8).

Global waited over one month for Mr. Condon to respond (Global Affidavit at ¶ 9). Global then called Mr. Condon on November 10, 2009 and left him a message (Global Affidavit at ¶ 10). In response to that message, Mr. Condon called back and told Global that his client would not pay the debt (Global Affidavit at ¶ 10). Global ceased all communications with Mr. Condon thereafter (Global Affidavit at ¶ 12).

---

[1] The full name of Mr. Condon's client has been redacted to protect the identity of a person allegedly owing a consumer debt.

**III.     THE FAIR DEBT COLLECTION PRACTICES ACT**

In 1977, Congress passed the FDCPA for the purpose of eliminating abusive debt collection practices. [15 U.S.C. § 1692(e)]. The statute is intended to protect "unsophisticated consumers." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985).

There are three major regulatory components to the FDCPA. First, debt collectors are required to furnish initial written disclosures to debtors (15 U.S.C. § 1692g) and must provide disclosures in follow up communications. [15 U.S.C. § 1692e(11)]. Second, the FDCPA limits communications that a debt collector may have with either the debtor (15 U.S.C. § 1692c) and/or with third parties (15 U.S.C. § 1692b). The third major regulatory component addresses prohibited conduct. Collectors may not engage in conduct that harasses or abuses a debtor (15 U.S.C. § 1692d); collectors may not use false, or misleading statements in connection with the collection of a debt; (15 U.S.C. § 1692e); and collectors may not engage in unfair collection practices (15 U.S.C. § 1692f).

**IV.     THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

The Florida Consumer Collection Practices Act, (FCCPA), Fla. Stat. §559.72 prohibits unfair, deceptive and/or abusive debt collection practices. The FDCPA defines a "debtor" as any person "obligated or allegedly obligated to pay any debt." Fla. Stat. §559.55 and provides that "a debtor may bring a civil action against the person violating the provisions of §559.72 in a Court of competent jurisdiction." Fla. Stat. §559.77.

**V.      STANDARD OF REVIEW**

Summary judgment is appropriate where the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also, Shaw v. Conn. Gen. Life Co., 353 F.3d 1276, 1282 (11th

Cir. 2003) and Brown v. Blue Cross and Blue Shield of Alabama, Inc., 898 F.2d 1556, 1559 (11th Cir. 1990).

## VI. MR. CONDON IS NEITHER "UNSOPHISTICATED" NOR A "CONSUMER" ENTITLED TO PROTECTION UNDER THE FDCPA

Mr. Condon is an experienced Florida trial attorney. In his practice, he represents consumers who have alleged violations of debt collections statutes. See, e.g., L.W.T., Inc. v. McCorriston, 2007 WL 5018840 (Fla. Cir. Ct. Nov. 19, 2007). Mr. Condon recently argued an FDCPA before the United States Court of Appeals for the Eleventh Circuit involving a matter of first impression. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir., 2010). He has won judgments in Federal Court on behalf of clients suing under consumer protection statutes. See, e.g., Hepsen v. J.C. Christensen & Associates, Inc., 2009 WL 3064865 (M.D. Fla. 2009) and has advocated for clients in a number of different kinds of cases including divorce actions. See, e.g., Frazer v. Frazer, 616 So. 2d 575 (Fla. App. 2, Dist. 1993).

The undisputed evidence, that includes public records reflecting Mr. Condon's status as an attorney with 34 years of experience representing clients in the State of Florida, demonstrates that he is neither a "consumer", nor "unsophisticated." Quite to the contrary, Mr. Condon, who practices regularly in this Court, is capable of forcibly advocating the interests of his clients.

In this case, the undisputed facts also establish that Global left a message on Mr. Condon's telephone on September 29, 2009 relating to a debt owed by his client. On the same day, Mr. Condon returned the call, promised to provide a Power of Attorney evidencing his representation of the client. After Global waited more than one (1) month for Mr. Condon to respond, Global called Mr. Condon on November 10, 1009 and left a telephone message that is the subject of this lawsuit.

4

As a matter of law, Global called Mr. Condon in his capacity as counsel for this client, L. \_\_\_ T. \_\_\_. Attorney Condon's assertion that statements made to him in his role as a consumer's attorney are actionable under the Fair Debt Collection Practices Act is contrary to a recent decision of this Court. See, Brazier v. Law Offices of Mitchell N. Kay , P.C., 2009 WL 764161 (M.D. Fla. March 19, 2009)[2]. In Brazier, Judge Kovachevich relied upon authority from other Circuits and held that a "communication (which) is directed solely to a debtor's attorney (is) not actionable under the FDCPA." See, Guerrero v. RJM Acquisition, LLC, 499 F.3d 926 (9th Cir. 2007) and Kropelnicki v. Siegel, 290 F.3d 118, 127-130 (2nd Cir. 2002). This Court should follow this recent decision and hold that Mr. Condon, as attorney for a debtor, lacks standing to sue under the FDCPA.

Accordingly, because the undisputed evidence establishes that Mr. Condon received a message in his capacity as an attorney for his client, his claim that Global made false and misleading statements to him allegedly in violation of the Fair Debt Collection Practices Act cannot withstand the summary judgment. In addition, Mr. Condon's assertion that Global failed to provide him the disclosures required by 15 U.S.C. § 1692g is also without merit given that the statute requires a debt collector "within five days after the initial communication with the consumer" to furnish this notice and in view of the undisputed fact that Global furnished the required notice to Mr. Condon's client, the consumer from whom Global was attempting to collect a debt.

Attorney Condon's claim that Global violated 15 U.S.C. § 1692e(11) for failing to state that the call was from a "debt collector" when leaving him a message is also without merit because the statute's proscription address disclosures to consumers and not to the consumer's attorney. See, Ignatowoski v. GC Services, 3 F.Supp. 2d 187, 190-91 (D. Conn. 1998)

---

[2] Mr. Condon and Mr. Vollrath were counsel to the consumer in the Brazier case.

(dismissing FDCPA claim based on the failure to include statutory required disclosures under §1692e(11) because the attorney in that case could easily discern that the Defendant was attempting to collect the debt). See also, Phillips v. North American Capital Corporation, 1999 WL 299872 (N.D. Ill. April 30, 1999) and Davis v. R&R Professional Recovery, Inc., 2009 WL 400627, *4 at n.4 (D. Md. Feb. 12, 2009).

Based upon these authorities, this Court should grant Global's Motion for Summary Judgment as to Mr. Condon's FDCPA claim.

**VII. MR. CONDON HAS NO STANDING TO BRING A CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT**

The Florida Consumer Collection Practices Act allows a "debtor" to bring a civil action against a debt collector allegedly engaging in abusive, misleading or deceptive debt collection practices. See, Fla. Stat. §559.77. In this case, Mr. Condon is not the debtor, nor does the message he claims Global left to him contends that he is obligated to pay any debt. In fact, the message makes no mention of a loan or a credit obligation. Based on these facts, Mr. Condon does not have standing to pursue claims for violation of the FCCPA because he is neither a debtor nor a person alleged to be a debtor under this statute. See, Belin v. Loan Services, L.P., 2006 WL 1992410 (M.D. Fla. July 14, 2006).[3]

**VIII. CONCLUSION**

In this case, the undisputed facts establish that Global's telephone message was left to Mr. Condon in his capacity as an attorney for the consumer. Accordingly, Mr. Condon has no standing to raise claims under either the Fair Debt Collection Practices Act nor the Florida Consumer Collection Practices Act. Global Credit and Collection Corporation therefore asks that its Motion for Summary Judgment be granted.

---

[3] The record in Belin reflects that Mr. Condon and Mr. Vollrath, counsel of record in this case, represented the non-debtor who was denied the right to bring an action under the FCCPA in that case.

        THE LAW OFFICES OF RONALD S. CANTER, LLC

    /s/ Ronald S. Canter
Ronald S. Canter, Esquire
Bar #335045
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone:  301-770-7490
Facsimile:  301-770-7493
E-Mail:  rcanter@roncanterllc.com
Attorney for Defendant

400 S. Dixie Hwy #322
Boca Raton, FL  33432
Local Address

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual listed below by First Class Mail, Postage Prepaid on this 8th of July, 2010 to:

Frederick W. Vollrath, Esquire
307 S. Fielding Avenue, Suite #2
Tampa, FL  33606
Attorney for Plaintiff

  /s/ Ronald S. Canter
Ronald S. Canter, Esquire
Attorney for Defendant