UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY CONDON,

Plaintiff,

v. CASE No. 8:10-CV-1526-T-TGW

GLOBAL CREDIT & COLLECTION CORPORATION,

Defendant.

---

ORDER

The plaintiff brought this lawsuit alleging that the defendant's telephone message, which stated that it would be in the recipient's best interest to call a telephone number to resolve a matter, violated the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") because the defendant did not disclose that the message was from a debt collector. The plaintiff, a consumer protection lawyer, determined that the message was from the defendant debt collection agency regarding a debt owed by one of his clients. The defendant

has filed a motion for summary judgment (Doc. 6), arguing that the plaintiff does not have standing to prosecute these claims.

Because the statutory provisions allegedly violated by the defendant apply only to consumers and debtors, and the plaintiff is neither of those, he lacks standing to bring these claims. Therefore, the Defendant's Motion for Summary Judgment (Doc. 6) will be granted.

I.

The plaintiff is an attorney authorized to practice law in Florida since 1976 (Doc. 17-1, ¶1). He represents consumers under the FDCPA and FCCPA, and other consumer protection legislation (id.). Consequently, the plaintiff states that he has extensive knowledge of the FDCPA and FCCPA (id.).

The defendant is a debt collection agency that was retained by Capital One Bank USA on September 18, 2009, to pursue collection against the plaintiff's client, "R.T." ("the debtor") (Doc. 7, ¶5).[1] The defendant sent to the debtor the initial disclosure required by the FDCPA that it was attempting to collect a debt (see id., ¶6; Doc. 7-1). On September 29, 2009,

[1]The defendant states in its memorandum that the collection related to delinquent credit card debt (Doc. 6-1, p. 2).

the plaintiff contacted the defendant, stating that he was the debtor's lawyer (Doc. 7, ¶7; Doc. 7-2). The defendant alleges that, during the conversation, the plaintiff asked for the balance owed on his client's account, and stated that he would call the defendant back (Doc. 7, ¶8; Doc. 7-2).

On November 10, 2009, the defendant left the following message on the plaintiff's telephone voice mail system (Doc. 2, ¶8)(as transcribed by the plaintiff):

> My name is Gray Mitchell and I'm the supervisor at the division here. Your representative has forwarded your matter to my attention as refusal to resolve and at this point a decision needs to be made as to how resolution is to be found on this matter once and for all. It is in your best interest to pick up the phone and return this call by 8:00p.m. (EST) today. If you were to take advantage of the options I have available to you [sic]. 1-866-577-5827 is the number to be dialed. Good day.

The plaintiff stated that, when he received this message, he was not alarmed because he "presumed at the time that [it] w[as] intended for a client of [his]. [He] had no idea what client, what account, or what amount, and had no idea who or what it was that left the message; and it took [him] some time to discover the true identity of the organization that had left the message" (Doc. 17-1, ¶8). The plaintiff added that he "did not and does not

owe any amount of money to the defendant, and did not and does not have any obligation to pay the defendant anything" (see Doc. 2, ¶10). The plaintiff returned the defendant's telephone call, and informed the defendant that his client could not pay the debt (see Doc. 7, ¶10; Doc. 7-2).

The plaintiff subsequently filed in state court this two-count lawsuit on his own behalf against the defendant, alleging that the defendant's telephone voicemail message violates several provisions of the FDCPA, 15 U.S.C. 1692, et. seq., and the FCCPA, Fla. Stat. §559.72, et. seq. (Doc. 2, pp. 2-3). The defendant removed the case to this court (see Doc. 1). The defendant admits that it left a message on the plaintiff's voicemail, but states that the message was for the plaintiff in his capacity as legal representative of the debtor (Doc. 5, ¶8).

The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Docs. 26, 27). The defendant filed a motion for summary judgment, contending that the plaintiff lacks standing to bring these claims because the FDCPA and FCCPA do not apply to communications with lawyers regarding a client debtor (Doc. 6). Alternatively, the defendant argues that the plaintiff lacks standing because

the statutes protect consumers, and the plaintiff does not fall into that category because he is not alleged to owe a debt to the defendant.

The plaintiff filed a memorandum in opposition to the motion, arguing that, because the voicemail message did not indicate that it concerned his client, the contention that a debtor's lawyer lacks standing to bring an FDCPA or FCCPA claim is inapplicable (Doc. 17, pp. 2-3, 8). Further, the plaintiff argued that he has standing to bring these claims because the FDCPA and FCCPA protect all people who are subject to communications from a debt collection agency, not just consumers (id., pp. 6-7). Oral argument was subsequently conducted on the motion (see Doc. 28).

At the hearing, the issues for resolution were narrowed. Thus, although the plaintiff's complaint alleged violations of multiple provisions of the FDCPA and the FCCPA, the plaintiff limited his claim to the violation of one provision that requires a debt collection agency to identify itself in communications with consumers. Further, the plaintiff accepted, for the purpose of this case, that an attorney lacks standing under the FDCPA and FCCPA when the challenged communication concerns a client.

II.

As of December 1, 2010, Rule 56(a), F.R.Civ.P., provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Material facts are those over which disputes "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The movant bears the burden of establishing the absence of a dispute over material facts. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993).

Where the party opposing the summary judgment motion has the burden of proof at trial, the moving party may discharge its initial burden by identifying specific portions of the record which show the absence of evidence to prove the nonmoving party's case at trial. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991). Alternatively, the movant may come forward with "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at

trial." Id. at 1438. If the moving party does not meet its burden, then the motion for summary judgment will be denied. Id. at 1437.

Where the moving party meets its initial burden, the burden then shifts "to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the party opposing the motion is unable to make a sufficient showing on an element essential to its case on which it has the burden of proof at trial, the movant is entitled to summary judgment. United States v. Four Parcels of Real Property, supra, 941 F.2d at 1438.

In determining whether the moving party should be awarded summary judgment, the court must view the evidence and factual inferences therefrom in the light most favorable to the opposing party. Reynolds v. Bridgestone/Firestone, Inc., supra, 989 F.2d at 469. Any reasonable doubts about the facts are to be resolved in favor of the party opposing the motion for summary judgment. Id.

III.

As indicated, the plaintiff alleges that the defendant's voicemail message violated the FDCPA and the FCCPA (Doc. 2). The FDCPA was

enacted by Congress "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. 1692(e); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010).[2] Among other things, the FDCPA prohibits debt collectors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt," as well as the use of "unfair or unconscionable" means of collection. 15 U.S.C. 1692e, f.

At the hearing, the plaintiff narrowed his claim to the defendant's alleged violation of 15 U.S.C. 1692e(11), which states that it is a violation of the FDCPA to:

> fail[] to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector....

---

[2] A debt collector can be held liable for an individual plaintiff's actual damages, statutory damages up to $1,000, costs, and reasonable attorney's fees. 15 U.S.C. 1692k(a)(1)-(3).

The plaintiff alleges that the defendant violated this provision by failing to disclose in its November 10, 2009, voicemail message that the message was from a debt collector (Doc. 17, p. 3).

A. The defendant admits that it left the message alleged by the plaintiff (see Doc. 5, ¶8), and that it did not identify itself in the voicemail message. It alleges, however, that it was not required to do so because the message was not placed with the debtor, but with the debtor's attorney, regarding his client's debt, and such statements are not actionable under the FDCPA (Doc. 6-1, p. 5). See Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934-35 (9th Cir. 2007)("communications directed solely to a debtor's attorney are not actionable under the Act" because Congress viewed attorneys as intermediaries able to bear the brunt of overreaching debt collections practices from which debtors should be protected); Dikeman v. National Educators, Inc., 81 F.3d 949, 954 (10th Cir. 1996)(disclosure pursuant to §1692e(11) would be a pointless formality when the communication is made to an attorney hired to represent a debtor who would know that the debt collector was attempting to collect a debt); Kropelnicki v. Siegel, 290 F.3d 118, 128 (2nd Cir. 2002)(stating in dicta that alleged misrepresentations to

debtors' attorneys would not constitute violations of the FDCPA because it is assumed that the attorney will protect the consumer from a debt collector's fraudulent or harassing behavior); contra Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 232-33 (4th Cir. 2007).

The contention that a communication made to a debtor's attorney is not actionable is persuasive. Moreover, the plaintiff has agreed to accept, for the purpose of this case, that a lawyer contacted by a debt collection agency about his client's debt does not have standing under the FDCPA or FCCPA to bring a claim regarding that communication.

This concession, however, is not dispositive of this motion because, as the plaintiff argues, there is a genuine issue of material fact whether the message was for the plaintiff in his capacity as the debtor's attorney, or whether it was intended personally for the debtor, but misdirected to the attorney. See LeBlanc v. Unifund CCR Partners, supra, 601 F.3d at 1197 (when the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's communication, resolution is for the trier of fact). Thus, the message does not identify that it is for the debtor's attorney, or otherwise indicate that it concerns a client of the plaintiff (Doc.

17, p. 2). Further, the message's references to "you," "your best interest," and "your representative" could be construed to mean that it is a debt collection call personally to the debtor.

The defendant argued at the hearing that its records identify the telephone number it called as belonging to the debtor's attorney, and, consequently, there is no factual dispute that it called the plaintiff in his capacity as the debtor's attorney. However, the defendant's records for November 10, 2009, do not indicate that the message was left for the debtor's attorney, and, as indicated, the substance of the message could reasonably be construed as a communication to the debtor. Further, the plaintiff's telephone number is not always identified in the defendant's records as belonging to the debtor's attorney (see, e.g., Doc. 7-2, entries 9/29/2009; 10/12/2009; 10/15/2009)(stating beside the plaintiff's telephone number "DB1 Home"), which arguably increases the chances of an error.

Consequently, viewing the facts and reasonable inferences in the light most favorable to the plaintiff, a factfinder could reasonably conclude that the November 10, 2009, communication was a misdirected telephone call, *i.e.*, the defendant's representative thought he was calling the debtor, but

mistakenly telephoned the debtor's attorney, and, consequently, left a message intended for the debtor on the attorney's voicemail. In that circumstance, the principle that a debt collection agency's communication with an attorney in his representative capacity is not actionable under the FDCPA would not apply here. Accordingly, summary judgment on this basis is rejected.

B. Alternatively, the defendant argues that the plaintiff lacks standing to bring an action under §1692e(11) because this provision concerns a debt collection agency's communications with "consumers," and the plaintiff is not a consumer under this statute (Doc. 6-1, pp. 5-6). This argument has merit.

As pertinent here, 15 U.S.C. 1692e(11) requires that a debt collection agency identify itself in communications with a "consumer." See also Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1351 (11th Cir. 2009)("The Fair Debt Collection Practices Act specifically requires that a debt collector disclose in all communications with a debtor that the message is from a debt collector."). A consumer is defined under the FDCPA as a

person who is "obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3).

Under this definition, the plaintiff is not a consumer because he is not obligated, or allegedly obligated, to pay any debt to the defendant. See Conboy v. AT&T Corp., 241 F.3d 242, 257 (2nd Cir. 2001). Thus, the plaintiff asserts in his complaint that he "did not and does not owe any amount of money to the defendant, and did not and does not have any obligation to pay the defendant anything" (Doc. 2, ¶10). Further, the defendant does not assert that the plaintiff is obligated to pay a debt to it, and the defendant is not attempting to collect a debt from the plaintiff personally (see Doc. 7). The plaintiff, moreover, did not think after receiving the defendant's message that the defendant was attempting to collect a debt from him personally (see Doc. 17-1, ¶¶ 8, 10). Therefore, according to the plain language of the statute, the plaintiff is not a consumer under the FDCPA and, accordingly, he cannot bring a claim for a violation of 15 U.S.C. 1692e(11).

The plaintiff argues in his memorandum that he "does not have to be a 'consumer' in the sense that he owed the debt to have standing to bring an action under the FDCPA" (Doc. 17, p. 6). In this respect, he cites

caselaw stating that "the scope of the [FDCPA] is not limited to consumers obligated or allegedly obligated to pay a debt, but includes any person allegedly harmed by proscribed debt collection practices directed towards the collection of another person's debt" (id.).

In general, the right to bring a cause of action to enforce the FDCPA is not limited to "consumers." See Federal Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504, 508 (6th Cir. 2007)(noting that Congress intended the FDCPA to eliminate the recurring problem of debt collectors dunning the wrong person); see, e.g., 15 U.S.C. 1692d(5) (prohibiting abusive conduct toward "any person at the called number"). However, there are certain provisions of the FDCPA, including the subsection at issue here, which can only be asserted by consumers to have been violated because those provisions define violations in terms of conduct directed toward a consumer. 15 U.S.C. 1692e(11) (it is a violation of this section for a debt collection agency to "fail[] to disclose in the ... communication with the consumer" its identity); see Montgomery v. Huntington Bank, 346 F.3d 693, 696-97 (6th Cir. 2003)(noting that certain sections of the FDCPA limit relief only to consumers); Cole v. Toll, 2007 WL 4105382 at **5-6 (E.D. Pa. 2007)

(although the FDCPA is generally not limited to consumers, the express terms of §1692e(11) is limited to communications "with the consumer"); see, e.g., Conboy v. AT&T Corp., supra, 241 F.3d at 257 (plaintiffs who were recipients of debt collection communications lacked standing to bring a claim under §1692e(11) because they were not consumers within the meaning of §1692e(11)); Sclafani v. BC Services, Inc., 2010 WL 4116471 (S.D. Fla. 2010); Belin v. Litton Loan Servicing, LP, 2006 WL 1992410 at *6 (M.D. Fla. 2006)(plaintiffs who were not allegedly obligated to pay the loan are not consumers and therefore lack standing to bring a §1692e(11) claim).

This construction of §1692e(11) is confirmed by Congress's 1996 amendment of this provision, which added the specification that the communication be made to a consumer. Thus, the prior version pertained to "all communications made to collect a debt or to obtain information about a consumer," not just to communications with consumers. Pub. L. 95-109 (1977), amended by Pub. L. 104-208 (1996). Congress's amendment establishes that it intended that, in order for a plaintiff to state a cognizable claim for a violation of 15 U.S.C. 1692e(11), he must be a "consumer" as

defined under the FDCPA. The plaintiff, however, does not fit that definition.

The plaintiff sought to gain support for his FDCPA claim on the basis of the "least sophisticated consumer" doctrine (see Doc. 17, pp. 3-4). In this connection, the plaintiff cited to Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985), in which the Eleventh Circuit held that whether a communication is deceptive in violation of §1692e is evaluated from the perspective of the "least sophisticated consumer." However, Jeter is inapposite in this circumstance because the dispositive issue in this case is whether the plaintiff is a "consumer," and that issue does not turn on the plaintiff's level of sophistication. Rather, it depends upon whether he is "obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3). As previously explained, the plaintiff does not fall within that definition. Accordingly, his level of sophistication, whether actual or presumed, is not relevant to the determination of whether he is a consumer.

In sum, because the plaintiff is not obligated, or allegedly obligated, to pay any debt to the defendant, he is not a consumer under the

FDCPA. He therefore lacks standing to assert a claim under §1692e(11).[3] Furthermore, since the plaintiff at the hearing limited his FDCPA claim to the violation of §1692e(11), the defendant is entitled to summary judgment in its favor on the plaintiff's FDCPA claim.

C. The plaintiff has also alleged that the defendant's failure to disclose in the voicemail message that it is a debt collector violates the FCCPA. The FCCPA provides that a debtor may bring a civil action against a person who commits a prohibited act, as set forth in Fla. Stat. §559.72, while collecting consumer debts. Fla. Stat. §559.77(1). A debtor is defined by the FCCPA as a natural person obligated or allegedly obligated to pay a debt. Fla. Stat. §559.55(2). As the plaintiff notes (Doc. 17, p. 7), the FCCPA mirrors the federal statute, and, accordingly, courts must give "due consideration and great weight" to federal interpretations of the FDCPA in applying and interpreting the FCCPA. Fla. Stat. §559.77(5).

---

[3]The lack of an actionable claim under §1692e(11) might be viewed as a failure to state a claim for relief. However, the Eleventh Circuit has recently held that a failure to come within the terms of the FDCPA constitutes both a lack of Article III standing because there was no injury-in-fact, and lack of prudential standing because the claim was not within the statute's zone of interests. Johnson v. Ocwen Loan Servicing, 374 Fed. Appx. 868, 873-74 (11th Cir. 2010)(unpub. dec.). Johnson indicates that the ground for dismissal in this case should be articulated as a lack of standing.

The defendant argues that, similar to the FDCPA claim, the FCCPA claim is not actionable because the plaintiff is not alleged to owe any debt to the defendant (Doc. 6-1, p. 6). The plaintiff, furthermore, agrees that a lack of standing under the FDCPA would also be fatal to his FCCPA claim (see Doc. 17, p. 8)(the plaintiff states that "[i]t would be fair to say the interpretation of who has standing to bring an action would be the same"). Thus, because the plaintiff lacks standing under the FDCPA, he also lacks standing to assert the same violation under the FCCPA. See Belin v. Litton Loan Servicing, LP, supra, 2006 WL 1992410 at *7. Accordingly, the defendant is also entitled to summary judgment in its favor on the plaintiff's FCCPA claim.

It is, therefore, upon consideration

ORDERED:

That the Defendant's Motion for Summary Judgment (Doc. 6) be, and the same is hereby **GRANTED**, and the complaint is hereby **DISMISSED**. The Clerk is directed to enter judgment in the defendant's

favor on counts I and II of the plaintiff's complaint and **CLOSE** the case.

DONE and ORDERED at Tampa, Florida, this 6th day of December, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE